IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. 6:09CR18 |
| | § | |
| ERIC FERNANDO REYES (06) | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

On July 15, 2009, the Court referred seven ancillary forfeiture proceedings in the above-styled case to the undersigned. Specifically, the Court referred: (1) D-1 CAPITAL, LP'S Petition Claiming an Interest in Property (document #136); (2) John Ealba's Petition Claiming Interest in Property (document #170);[1] (3) Erika Reyes's Petition Claiming Interest in Property (document #171); (4) Erika Reyes's Petition Claiming Interest in Property (document #172); (5) Brenda Griego's Petition Claiming Interest in Property (document #173);[2] (6) Evangelina Serrato's Petition Claiming Interest in Property (document #174); and (7) Victor Dominguez's Petition Claiming

---

[1] An Order was entered on July 30, 2009, dismissing the 1964 Red Chevrolet Impala Show Car, VIN 41847U136666, License Plate TKC53D, from the Preliminary Order of Forfeiture and ordering the United States Marshal Service to release the vehicle to the claimant, John Ealba.

[2] A Report and Recommendation was entered on December 21, 2009, recommending that the Government's Motion to Dismiss Petition of Brenda Griego be granted.

Interest in Property (document #175).[3] These ancillary forfeiture proceedings were referred to the undersigned for a hearing and proposed findings of fact and recommendations as to their disposition.

Pursuant to an Order entered on September 9, 2009, this matter was set for a hearing to be conducted on December 17, 2009, concerning the above-referenced ancillary forfeiture proceedings. The Court received acknowledgments of receipt revealing that the Order was delivered to all parties. The undersigned has previously submitted a Report and Recommendation as to all but the property described below.

Erika Reyes's claim as to the 2007 Chevrolet Suburban (document #172) acknowledges a lien against the property as security for a loan issued by Irving Trucks. Irving Trucks, through Angel Torres, on September 16, 2009, acknowledged receipt of the notice of hearing regarding all claims by interested parties as to this vehicle (document #200). Evangelina Serrato acknowledged the notice of hearing as to her claim of ownership in the 2002 BMW 745i on September 23, 2009 (document #207). Erika Reyes's acknowledgment of the hearing was filed as of October 13, 2009 (document #215).

A third-party seeking amendment of a forfeiture order bears the burden of proving, by a preponderance of the evidence that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

---

[3] A Report and Recommendation was entered on November 18, 2009 recommending that the Government's Motion in Response to Ancillary Petitions of Victor Dominguez and D-1 Capital, LP (document #220) be granted and that the 2001 black Kaufman AC trailer, VIN 15XFW50331L000535, License Plate 87ZYKC be dismissed from the previously entered Preliminary Order of Forfeiture.

2

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section

21 U.S.C. § 853(n)(6).

On December 17, 2009, the ancillary forfeiture hearing was called. The hearing was scheduled for 2:00 pm. The hearing was delayed to allow all claimants an opportunity to appear. No claimant, other than the government, appeared at the hearing.

The government appeared and was prepared to call witnesses and present evidence. The government had present as witnesses, Special Agent Darby Hodges, DEA, Marcus Ondre Mumphrey and Erik Reyes. Mumphrey and Reyes were in custody. Mumphrey had been transported from his place of incarceration with the Bureau of Prisons for the purpose of testifying at the hearing.

Counsel for the government proffered the evidence the government intended to present at the hearing to counter any claim by third parties that the assets in question were not subject to forfeiture. The government's proffer included the proposed testimony of Erik Reyes wherein Reyes had previously stated that: Reyes's only income for a period of approximately eight months prior to his arrest on February 27, 2009 was derived from drug trafficking; the vehicles in question were purchased with drug proceeds; any funds expended on the assets after purchase were drug proceeds and; the 2002 BMW 745i was held in Evangelina Serrato's name but actually belonged to Reyes.

The failure of the claimants to appear at the hearing constitutes an abandonment of any claims against the property and a failure to meet their burden described herein.

Recommendation

It is recommended that the Government's Motion for Final Order of Forfeiture be granted, subject to resolution of the lien holder claim of Angel Torres (document #177)[4] in connection with the 2007 Suburban, and that the ancillary claims of Erika Reyes and Evangelina Serrato (document #171, 172, and 174) filed in response to the Preliminary Order of Forfeiture involving a 2007 Chevy Suburban, VIN 3GNFC16J07G115816, a 1966 Red Chevy Impala SS Convertible, VIN 168676J226789, and a 2002 BMW 745i, VIN WBAGL63482DPS2349, be dismissed as having been abandoned. Claimants, having proper notice, failed to appear at the scheduled hearing and failed to meet the burden of proof required by law.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this  6   day of  **January, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

---

[4]The Petition for Remission or Mitigation of Forfeiture filed by Angel Torres on behalf of Irving Trucks (document #177) has not been referred to the undersigned.

4